**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| KEMPEN INTERNATIONAL FUNDS (KEMPEN INTERNATIONAL FUNDS - MERCLIN GLOBAL EQUITY), KEMPEN INTERNATIONAL FUNDS (KEMPEN INTERNATIONAL FUNDS - MERCLIN PATRIMONIUM), and MERCLIN INSTITUTIONAL FUND (MERCLIN INSTITUTIONAL EQUITY FUND DBI-RDT), Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 1:23-cv-08848-AS<br><br>ORAL ARGUMENT REQUESTED |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| SYNEOS HEALTH, INC., ALISTAIR MACDONALD, MICHELLE KEEFE, PAUL COLVIN, and JASON MEGGS, | ) ) ) ) ) | |
| Defendants. | ) ) | |

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF**
**THEIR MOTION TO DISMISS THE AMENDED COMPLAINT**

BRIAN T. FRAWLEY
BENJAMIN R. WALKER
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone:   (212) 558-4000

*Attorneys for Defendants Syneos Health, Inc.,*
*Alistair Macdonald, Michelle Keefe, Paul Colvin,*
*and Jason Meggs*

February 2, 2024

**TABLE OF CONTENTS**

*Page*

1.   The Opposition Confirms Plaintiffs Fail To Plead Falsity With the Requisite Particularity...................................................................................................................1

2.   Plaintiffs' "Puzzle Pleading" Violates the PSLRA...............................................................4

3.   Most of the Alleged Misstatements Are Inactionable..........................................................5

4.   Item 303 Does Not Salvage Plaintiffs' Claims ...................................................................6

5.   The Opposition Confirms the Complaint Pleads No Particularized Allegations Establishing a Strong Inference of Scienter........................................................................7

6.   Plaintiffs Cannot Plead Scienter Based on Stock Trades.....................................................9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Akerman* v. *Arotech Corp.*,
608 F. Supp. 2d 372 (E.D.N.Y. 2009) ......................................................................................8

*Alaska Laborer Emp'rs Ret. Fund* v. *Scholastic Corp.*,
2010 WL 3910211 (S.D.N.Y. Sept. 30, 2010).........................................................................10

*In re Allergan PLC Sec. Litig.*,
2019 WL 4686445 (S.D.N.Y. Sept. 20, 2019)...........................................................................6

*In re Aratana Therapeutics Inc. Sec. Litig.*,
315 F. Supp. 3d 737 (S.D.N.Y. 2018).....................................................................................10

*In re AstraZeneca PLC Sec. Litig.*,
2022 WL 4133258 (S.D.N.Y. Sept. 12, 2022)...........................................................................5

*Avon Pension Fund* v. *GlaxoSmithKline PLC*,
343 F. App'x 671 (2d Cir. 2009) ..............................................................................................9

*Batson* v. *Rim San Antonio Acq., LCC*,
2016 WL 6901312 (S.D.N.Y. Nov. 22, 2016)...........................................................................3

*Bd. of Tr. of City of Ft. Lauderdale Gen. Emps' Ret. Sys.* v. *Mechel OAO*,
811 F. Supp. 2d 853 (S.D.N.Y. 2011).......................................................................................3

*Born* v. *Quad/Graphics, Inc.*,
521 F. Supp. 3d 469 (S.D.N.Y. 2021)........................................................................................5

*In re Bristol-Myers Squibb Sec. Litig.*,
312 F. Supp. 2d 549 (S.D.N.Y. 2004).......................................................................................3

*Chapman* v. *Mueller Water Prod., Inc.*,
466 F. Supp. 3d 382 (S.D.N.Y. 2020).......................................................................................9

*Chen* v. *Missfresh Ltd.*,
2023 WL 7289750 (S.D.N.Y. Nov. 6, 2023)..............................................................................7

*Cornwell* v. *Credit Suisse Grp.*,
689 F. Supp. 2d 629 (S.D.N.Y. 2010).......................................................................................9

*De Jesus* v. *Sears, Roebuck & Co.*,
1995 WL 122726 (S.D.N.Y. Mar. 22, 1995) ............................................................................4

*Denny* v. *Barber*,
576 F.2d 465 (2d Cir. 1978)................................................................................................3

*Denny* v. *Canaan Inc.*,
2023 WL 2647855 (S.D.N.Y. Mar. 27, 2023) ..........................................................................9

*In re DraftKings Inc. Sec. Litig.*,
650 F. Supp. 3d 120 (S.D.N.Y. 2023)..............................................................................2, 10

*In re Express Scripts Holdings Co. Sec. Litig.*,
773 F. App'x 9 (2d Cir. 2019) ............................................................................................3

*Francisco* v. *Abengoa, S.A.*,
481 F. Supp. 3d 179 (S.D.N.Y. 2020)................................................................................1, 3

*Freudenberg* v. *E\*Trade Fin. Corp.*,
712 F. Supp. 2d 171 (S.D.N.Y. 2010)..................................................................................8

*In re FuboTV Inc. Sec. Litig.*,
2023 WL 2711826 (S.D.N.Y. Mar. 30, 2023) ........................................................................5

*In re Gildan Activewear, Inc. Sec. Litig.*,
636 F. Supp. 2d 261 (S.D.N.Y. 2009)................................................................................10

*Gissin* v. *Endres*,
739 F. Supp. 2d 488 (S.D.N.Y. 2010)..................................................................................6

*Gray* v. *Wesco Aircraft Holdings, Inc.*,
454 F. Supp. 3d 366 (S.D.N.Y. 2020)..................................................................................6

*Gross* v. *AT&T Inc.*,
2021 WL 9803956 (S.D.N.Y. Sept. 27, 2021),
*aff'd*, 2022 WL 17587853 (2d Cir. Dec. 13, 2022).................................................................2

*Inter-Loc. Pension Fund GCC/IBT* v. *Gen. Elec. Co.*,
445 F. App'x 368 (2d Cir. 2011) ........................................................................................8

*Janbay* v. *Canadian Solar, Inc.*,
2012 WL 1080306 (S.D.N.Y. Mar. 30, 2012) ........................................................................3

*Landesbank Baden-Wurttemberg* v. *Goldman, Sachs & Co.*,
478 F. App'x 679 (2d Cir. 2012) ........................................................................................8

*Long Miao* v. *Fanhua, Inc.*,
442 F. Supp. 3d 774 (S.D.N.Y. 2020)..................................................................................2

*In re Lululemon Sec. Litig.*,
14 F. Supp. 3d 553 (S.D.N.Y. 2014)....................................................................................9

*Maloney* v. *Ollie's Bargain Outlet Holdings, Inc.*,
    518 F. Supp. 3d 772 (S.D.N.Y. 2021)...................................................................7

*In re N. Telecom Ltd. Sec. Litig.*,
    116 F. Supp. 2d 446 (S.D.N.Y. 2000)...................................................................5

*New Orleans Emps. Ret. Sys.* v. *Celestica, Inc.*,
    455 F. App'x 10 (2d Cir. 2011) ...........................................................................9

*In re Nielsen Holdings PLC Sec. Litig.*,
    510 F. Supp. 3d 217 (S.D.N.Y. 2021)...................................................................7

*Novak* v. *Kasaks*,
    216 F.3d 300 (2d Cir. 2000)..............................................................................2, 8

*In re Pareteum Sec. Litig.*,
    2020 WL 3448526 (S.D.N.Y. June 23, 2020) ......................................................5

*In re Philip Servs. Corp. Sec. Litig.*,
    383 F. Supp. 2d 463 (S.D.N.Y. 2004)...................................................................3

*Robeco Cap. Growth Funds SICAV-Robeco Glob. Consumer Trends* v. *Peloton Interactive, Inc.*,
    665 F. Supp. 3d 522 (S.D.N.Y. 2023)...................................................................6

*Rombach* v. *Chang*,
    355 F.3d 164 (2d Cir. 2004)..................................................................................1

*Schiro* v. *Cemex, S.A.B. de C.V.*,
    396 F. Supp. 3d 283 (S.D.N.Y. 2019)...................................................................2

*In re Sierra Wireless, Inc. Sec. Litig.*,
    482 F. Supp. 2d at 376 ...........................................................................................2

*Steamfitters Loc. 449 Pension Plan* v. *AT&T Inc.*,
    2022 WL 17587853, at *3 (2d Cir. Dec. 13, 2022) ..............................................5

*Sun* v. *TAL Educ. Grp.*,
    2023 WL 6394413 (S.D.N.Y. Sept. 29, 2023)......................................................7

*Town of Davie Police Officers Ret. Sys.* v. *City of N. Miami Beach Police Officers' & Firefighters' Ret. Plan*,
    2021 WL 5142702 (2d Cir. Nov. 5, 2021).............................................................8

*In re Turquoise Hill Res. Ltd. Sec. Litig.*,
    625 F. Supp. 3d 164 (S.D.N.Y. 2022)...................................................................9

*Woolgar* v. *Kingstone Cos. Inc.*,
    477 F. Supp. 3d 193 (S.D.N.Y. 2020)....................................................................................3

**Statutes**

Private Securities Litigation Reform Act of 1995,
    15 U.S.C. §§ 78u-4 & 78u-5 .......................................................................................1, 4, 5, 6

**Other Authorities**

Item 303 of SEC Regulation S-K, 17 C.F.R. § 229.303 ............................................................6, 7

SEC Rule 10b5-1, 17 C.F.R. § 240.10b5-1 ...................................................................................9

**TABLE OF ABBREVIATIONS**

| | |
|---|---|
| Br. | Defendants' Memorandum of Law in Support of Their Motion to Dismiss the Amended Complaint (ECF No. 47) |
| Class Period | Putative class period of September 9, 2020 through November 3, 2022 |
| Complaint or AC | Amended Complaint for Violation of the Federal Securities Laws (ECF No. 35) |
| CW | Confidential Witness |
| Individual Defendants | Alistair Macdonald, Michelle Keefe, Paul Colvin, and Jason Meggs |
| Item 303 | Item 303 of SEC Regulation S-K, 17 C.F.R. § 229.303 |
| Opposition or Opp. | Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion To Dismiss The Amended Complaint (ECF No. 49) |
| PSLRA | Private Securities Litigation Reform Act, 15 U.S.C. § 78u-4 |
| SMID | Small to mid-sized |
| Syneos or the Company | Syneos Health, Inc. |
| Walker Decl. | Declaration of Benjamin R. Walker in Support of Defendants' Motion to Dismiss the Amended Complaint (ECF No. 48) |

Plaintiffs' opposition brief ("Opposition" or "Opp.") confirms Plaintiffs' failure to satisfy the particularized pleading requirements of the PSLRA.[1]  The Opposition does little more than regurgitate the fantasy tale of the Complaint, claiming that Defendants somehow hid pervasive operational problems from the market for almost two years.  But the core allegations underlying that theory remain unsupported and unsubstantiated.  This is fatal.  Securities fraud plaintiffs "must do more than say that the statements . . . were false and misleading; they must demonstrate with specificity why and how that is so."  *Rombach* v. *Chang*, 355 F.3d 164, 174 (2d Cir. 2004). The Complaint here is entirely lacking particularized and reliable factual allegations establishing that any challenged statement was false when made.  Under the PSLRA, a complaint may not plead falsity through allegations of information supposedly learned from unidentified sources unless "they are described in the complaint with sufficient particularity to support the probability that a person in the position occupied by the source would possess the information alleged." *Francisco* v. *Abengoa, S.A.*, 481 F. Supp. 3d 179, 208–09 (S.D.N.Y. 2020).  And Plaintiffs cannot avoid the PSLRA's requirements through their repetitive "puzzle pleading" that fails to explain the reasons each of Defendants' statements was false, supported by particularized facts.

The Opposition also fails to confront the gaping holes in Plaintiffs' scienter theories. Stripped of their legally defective confidential witness ("CW") allegations, Plaintiffs do not offer any cogent theory of fraudulent intent.  Plaintiffs' motive allegations are deficient under settled law, and they do not point to anything demonstrating with particularity, for each challenged statement, prior knowledge by the speaker of specific facts contradicting that statement.

      1.      ***The Opposition Confirms Plaintiffs Fail To Plead Falsity With the Requisite Particularity***.  Plaintiffs cannot establish that any challenged statement was false when made,

---

[1] Capitalized terms not otherwise defined herein have the meaning ascribed to them in Defendants' opening brief ("Br.").

and their attempts to do so through vague references to unspecified CWs must be disregarded under *Novak* v. *Kasaks*, 216 F.3d 300, 314 (2d Cir. 2000). "The assembled case law reflects at least four contexts in which courts have been loathe, under *Novak*, to sustain as sufficiently particular securities fraud complaints based on uncorroborated statements by CWs." *Long Miao* v. *Fanhua, Inc.*, 442 F. Supp. 3d 774, 798–99 (S.D.N.Y. 2020). At least three of those four contexts are present here. First, the core defect in Plaintiffs' pleading is not their failure to "reveal" their CWs (Opp. 12); "courts generally have not credited the statements of CWs who are insufficiently described or whose descriptions do not suggest that they had been in position to know the facts attributed to them," *Long Miao*, 442 F. Supp. 3d at 799. Plaintiffs' CW allegations simply cannot be credited because no CW is shown to "have been in a position to know the facts relayed." *Gross* v. *AT&T Inc.*, 2021 WL 9803956, at *6 n.14 (S.D.N.Y. Sept. 27, 2021), *aff'd*, 2022 WL 17587853 (2d Cir. Dec. 13, 2022). This alone warrants dismissal.

Second, this Court routinely rejects allegations attributed to CWs where, as here, they are not shown to have had contemporaneous personal knowledge of the supposedly adverse facts at the time of particular challenged statements. *In re DraftKings Inc. Sec. Litig.*, 650 F. Supp. 3d 120, 160 (S.D.N.Y. 2023) (disregarding CW allegations "unmoored in time").

Third, "allegations by CWs that are insufficiently particular are apt to be discounted or disregarded." *Long Miao*, 442 F. Supp. 3d at 800. Thus, Plaintiffs' bald pronouncements regarding supposedly deficient operations and manipulated numbers that are vaguely or implicitly attributed to undescribed CWs should be disregarded because "they merely parrot[] the conclusory allegations contained in the complaint." *In re Sierra Wireless, Inc. Sec. Litig.*, 482 F. Supp. 2d 365, 376 (S.D.N.Y. 2007); *see Schiro* v. *Cemex, S.A.B. de C.V.*, 396 F. Supp. 3d 283, 305–06 (S.D.N.Y. 2019) (rejecting "speculative 'leap[s] of logic'").[2] (*See also* Br. 18–19, 25.)

---

[2] To the extent Plaintiffs argue that one 20-year-old case applied some lesser scrutiny to CW

Virtually all of the "facts" Plaintiffs rely upon to allege falsity stem from deficient CW attributions or are unsupported entirely. (Br. Appx. A at 33–45.) All of those allegations should be disregarded. *Janbay* v. *Canadian Solar, Inc.*, 2012 WL 1080306, at *13 (S.D.N.Y. Mar. 30, 2012) ("Second Circuit law requires the Court to discount allegations based upon [] inadequately described CWs."). In short, the Complaint should be dismissed because "Plaintiffs have not identified any source—documentary or personal—of their information and belief . . . let alone a source that the Court could determine was likely to have known the relevant facts." *Batson* v. *Rim San Antonio Acq., LCC*, 2016 WL 6901312, at *8–9 (S.D.N.Y. Nov. 22, 2016) (cleaned up).

The Complaint's only remaining arguments in support of the sufficiency of their falsity allegations are contrived. Plaintiffs string cite supposed "admissions" (Opp. 13), but those "admissions" simply refer to subsequent events that do not show the falsity of prior statements. *See* Br. Appx. C; *In re Express Scripts Holdings Co. Sec. Litig.*, 773 F. App'x 9, 14 (2d Cir. 2019) (later non-renewal of contract did not make prior accounting treatment false); *Denny* v. *Barber*, 576 F.2d 465, 470 (2d Cir. 1978) (plaintiff may not "seize[] upon disclosures made in later annual reports and allege[] that they should have been made in earlier ones").[3]

Plaintiffs cannot backfill their falsity theories with two supposed documents that are of no help to them. With respect to the first document—a January 2021 "ELT" presentation—Plaintiffs abandon their own allegation that the document projects a 23% decline across the Company's Clinical Solutions business (AC ¶ 52), and now say the same document projects a

---

allegations (Opp. 13 (citing *In re Philip Servs. Corp. Sec. Litig.*, 383 F. Supp. 2d 463, 477 (S.D.N.Y. 2004)) that view both misreads *Philip* and contradicts settled law. *See, e.g.*, *Francisco*, 481 F. Supp. 3d at 208–09; *Woolgar* v. *Kingstone Cos., Inc.*, 477 F. Supp. 3d 193, 218–19 (S.D.N.Y. 2020); *Bd. of Tr. of City of Ft. Lauderdale Gen. Emps' Ret. Sys.* v. *Mechel OAO*, 811 F. Supp. 2d 853, 880 (S.D.N.Y. 2011).

[3] Tellingly, Plaintiffs ask the Court to disregard Defendants' actual post-Class Period statements in favor of Plaintiffs' mischaracterizations (Opp. 2 n.3), but that obviously is backwards. *In re Bristol-Myers Squibb Sec. Litig.*, 312 F. Supp. 2d 549, 555 (S.D.N.Y. 2004) ("The court need not accept as true an allegation that is contradicted by documents on which the complaint relies.").

23% decline for just 20 SMID accounts.  (Opp. 15.)  But that assertion is equally false.  The slide reproduced in the Complaint refers to a projected 23% decline for "4 covered" customers out of hundreds.  (AC ¶ 52.)  There are not, as Plaintiffs claim, competing "plausible interpretation[s]" of this slide.  (Opp. 15.)  It is basic English and math.  The chart projects that the four identified customers would award $455 million of new business in 2021, which would amount to a 23% decline for just those four customers, insignificant compared to Syneos' $4 billion overall Clinical Solutions revenues in 2021 (AC ¶ 40).  *De Jesus* v. *Sears, Roebuck & Co.*, 1995 WL 122726, at *4 (S.D.N.Y. Mar. 22, 1995) (dismissing fraud claim because "the document itself, and not [plaintiff's] interpretation of that document, prevails").

Plaintiffs confess they lack any basis to plead a misstatement founded upon a supposed internal 2021 email by bizarrely contending that they *do not know* whether the document Defendants submitted to the Court "is the one referenced in the Complaint."  (Opp. 16 n.8.)  The fact that Plaintiffs cannot even identify an email they purported to rely on confirms that they never had any basis to make those allegations and the Court should disregard them.  But even if it is considered, the email—which the Opposition blatantly mischaracterizes—does not remotely suggest that employees were directed to "change certain figures."  (Opp. 14–15.)  It requests a reassessment of *future* projected expenses for a limited number of projects.  (*See* Walker Decl. Ex. 61.)  Finally, Plaintiffs' last-gasp contention that equity analysts supposedly questioned the "veracity" of Defendants' alleged *corrective* disclosures (Opp. 13) contradicts the Complaint (which quotes analysts commenting that the downturn in performance was "hard to believe," AC ¶¶ 22, 95, 246, 314), and it lends no support to any claim of some *previous* falsity.

2.      ***Plaintiffs' "Puzzle Pleading" Violates the PSLRA***.  "Plaintiffs in this circuit have long been on notice that a complaint predominantly marked by lengthy block quotes followed by pro forma reasons why the statements quoted are allegedly false . . . fails to state a claim because

-4-

it is insufficiently particular under the PSLRA." *Born* v. *Quad/Graphics, Inc.*, 521 F. Supp. 3d 469, 477–78 (S.D.N.Y. 2021). Thus, Plaintiffs cannot shirk their pleading obligations through a Complaint "saturated with lengthy block quotations" from the Defendants' public statements followed by repetitive "laundry list[s] of purported true facts" that supposedly rendered those statements false. *In re Pareteum Sec. Litig.*, 2020 WL 3448526, at *1 (S.D.N.Y. June 23, 2020) (dismissing "quintessential puzzle pleading").

Plaintiffs do not defend their pleading but simply pronounce without explanation that the Complaint is more akin to another complaint that, "although not a model of clarity," was found by a court to satisfy the PSLRA. (Opp. 7 n.4.) "On its face, however, the AC does not with any particularity attempt to connect the vast majority of the challenged statements with the alleged omitted material facts." *In re FuboTV Inc. Sec. Litig.*, 2023 WL 2711826, at *12 (S.D.N.Y. Mar. 30, 2023). This violates the PSLRA. *In re AstraZeneca PLC Sec. Litig.*, 2022 WL 4133258, at *6 (S.D.N.Y. Sept. 12, 2022) (dismissing case); Br. 12–13 (citing additional cases).

    ***3.***      ***Most of the Alleged Misstatements Are Inactionable***. The Opposition ignores the bulk of the statements identified in Defendants' motion as inactionable puffery, expressions of corporate optimism, or forward-looking statements protected by the PSLRA's safe harbor. (*See* Br. 14–17 & Appx. A.) Whether alone, or together with unchallenged reports of historical data (Opp. 11), these statements are not actionable. *Steamfitters Loc. 449 Pension Plan* v. *AT&T Inc.*, 2022 WL 17587853, at *3 (2d Cir. Dec. 13, 2022). Indeed, Plaintiffs specifically defend their allegations with respect to only two statements that Defendants identified as puffery or statements of corporate optimism (*see* Opp. 16–17), neither of which is actionable. The first statement—"[w]e remain confident in the long-term strength of our business given our record backlog, which we expect to fuel strong growth in both segments for the full year 2021"—is textbook puffery. *In re N. Telecom Ltd. Sec. Litig.*, 116 F. Supp. 2d 446, 467 (S.D.N.Y. 2000)

(statement that "our record backlog from 1992 supports our cautiously optimistic view that 1993 will be a year of good performance" not actionable).  The second statement—"[o]ur Clinical . . . teams again achieved double-digit growth . . . as demonstrated by our robust awards and backlog"—is as well.  *In re Allergan PLC Sec. Litig.*, 2019 WL 4686445, at *22 (S.D.N.Y. Sept. 20, 2019) ("general descriptors like 'robust'" are "textbook examples of puffery").

Plaintiffs also argue that Syneos' "reporting on backlog, net new business awards, and book-to-bill ratios" are not forward-looking.  (Opp. 11.)  But Plaintiffs ignore their concession in the Complaint that "backlog" is a projection of "anticipated future revenue" (AC ¶¶ 4, 42), and the other two figures are simply fractional comparisons of that projection to unchallenged historical results (Br. 14 n.4).  Plaintiffs' "allegations turn on the reasonableness of the [projections] and the judgment that those projections best reflect management's judgment about the future performance" of the company, which "is precisely the inquiry that the safe harbor puts off-limits to the courts."  *Gray* v. *Wesco Aircraft Holdings, Inc.*, 454 F. Supp. 3d 366, 387 (S.D.N.Y. 2020).  Moreover, "[t]o the extent that there are assertions of current fact in the statements proffered as fraudulent, they refer to the present only as a means for gauging future possibilities and, when read in context, cannot meaningfully be distinguished from the future projection of which they are a part."  *Gissin* v. *Endres*, 739 F. Supp. 2d 488, 505 (S.D.N.Y. 2010); 15 U.S.C. § 78u-5(i)(1)(d) (safe harbor covers assumptions underlying projections).[4]

4. ***Item 303 Does Not Salvage Plaintiffs' Claims***.  Plaintiffs do not sufficiently allege a violation of Item 303.  (*See* Br. 21–22.)  Plaintiffs' argument that some trend existed

---

[4] Plaintiffs vaguely argue that Defendants' "warnings were insufficiently meaningful" (Opp. 12), but those warnings (*see* Br. Appx. B) are precisely the type of cautionary statements that courts routinely deem sufficient to invoke the protections of the PSLRA's safe harbor.  *See*, *e.g.*, *Robeco Cap. Growth Funds SICAV- Robeco Glob. Consumer Trends* v. *Peloton Interactive, Inc.*, 665 F. Supp. 3d 522, 539 (S.D.N.Y. 2023) (similar warnings were sufficient because they were "specific and realistic about the precise risk[] factors faced by [the defendant] as a company").

simply repeats its misstatement theory (Opp. 19) and fails for the same reasons.  Plaintiffs also do not establish that any "unsustainability of the business existed at the time of" any statement, and "a violation of Item 303 requires that plaintiffs allege that management had knowledge of the trend in question, something plaintiffs have wholly failed to do."  *Chen* v. *Missfresh Ltd.*, 2023 WL 7289750, at *14 n.9 (S.D.N.Y. Nov. 6, 2023).  Plaintiffs again ignore that Syneos exceeded financial expectations throughout 2021 and reduced its outlook as headwinds developed during 2022.  (Br. 7–10.)  Any "trends" were described when they became "known."

5. ***The Opposition Confirms the Complaint Pleads No Particularized Allegations Establishing a Strong Inference of Scienter***.  Plaintiffs' scienter theories suffer from the same flaws as their misstatement theories, among other defects.  First, Plaintiffs' deficient CW allegations and other unsourced assertions provide no inference of scienter.  "Plaintiffs cannot rely" on a CW to plead scienter without allegations of "how the CW knew what the Defendants knew or had access to."  *Sun* v. *TAL Educ. Grp.*, 2023 WL 6394413, at *31 (S.D.N.Y. Sept. 29, 2023).  "[C]onfidential source allegations must show that individual defendants actually possessed the knowledge highlighting the falsity of public statements."  *In re Nielsen Holdings PLC Sec. Litig.*, 510 F. Supp. 3d 217, 228–29 (S.D.N.Y. 2021) (cleaned up).  Plaintiffs' claims that unspecified "Defendants" knew of or "were involved in and sanctioned" "practices" (Opp. 20, 22–23) derive either from insufficiently described CWs or from nothing.  In either case, they are meritless.  "In the absence of direct personal contact between the confidential witnesses and the Individual Defendants, Plaintiffs must demonstrate scienter by other means."  *Maloney* v. *Ollie's Bargain Outlet Holdings, Inc.*, 518 F. Supp. 3d 772, 780–81 (S.D.N.Y. 2021).

Second, without the entirely deficient CW allegations, Plaintiffs are left with nothing to meet their heavy scienter burden.  "[A]n allegation that defendants had access to information that was inconsistent with their alleged misstatements 'must specifically identify the reports or

statements containing this information.'" *Landesbank Baden-Wurttemberg* v. *Goldman, Sachs & Co.*, 478 F. App'x 679, 682 (2d Cir. 2012) (quoting *Novak*, 216 F.3d at 309).  Plaintiffs may not do so by theories or inferences suggesting some path to acquire knowledge.  *Inter-Loc. Pension Fund GCC/IBT* v. *Gen. Elec. Co.*, 445 F. App'x 368, 370 (2d Cir. 2011) (executives' access to "real-time customer and sales information" insufficient).  Thus, Plaintiffs' assertions that data existed or meetings were held with unspecified participants where unidentified issues were discussed over an unspecified period (Opp. 19–20) both lack any factual basis and fail to allege any particularized, contemporaneous facts that were conveyed to any speaker and contradicted his or her statement.  *Town of Davie Police Officers Ret. Sys.* v. *City of N. Miami Beach Police Officers' & Firefighters' Ret. Plan*, 2021 WL 5142702, at *2 (2d Cir. Nov. 5, 2021) (scienter absent because plaintiffs "fail to specifically identify the reports or statements made in connection with those meetings that contained incriminating information" (cleaned up)).

Third, the *only* specific document Plaintiffs cite defeats rather than supports scienter. Their attempt to plead scienter throughout the Class Period based upon a single January 2021 presentation (AC ¶ 52)—at the outset of a year in which Syneos *exceeded its guidance*—is mystifying (Opp. 19, 22–23).  Stripped of Plaintiffs' mischaracterizations and erroneous math, the presentation in no sense contradicts any of Defendants' statements.  Most importantly, Plaintiffs do not explain how a *January 2021* document shows knowledge of the specific issues that Plaintiffs allege caused their losses—*i.e.*, reductions in reimbursable expense projections revealed in *February 2022* and cancelled or delayed projects revealed in *November 2022*.[5]

---

[5] For these reasons, Plaintiffs' allegations bear no resemblance to the cases they cite.  *See Novak*, 216 F.3d at 304 (weekly reports provided to defendants describing growing inventory problem); *Akerman* v. *Arotech Corp.*, 608 F. Supp. 2d 372, 387 (E.D.N.Y. 2009) (complaint "identifie[d] specific communications through which defendants acquired the relevant knowledge"); *Freudenberg* v. *E*Trade Fin. Corp.*, 712 F. Supp. 2d 171, 196–98 (S.D.N.Y. 2010) (complaint alleged "first-hand interactions with the Defendants concerning the matters alleged in the Complaint" from "sixteen CWs, who provide accounts of what they told Defendants, what

Plaintiffs cannot avoid their burden by pointing to statements by the Individual Defendants about their "visibility" into the Company's pipeline and business or Defendants' discussions with analysts and investors about these issues. (Opp. 21.) "[C]ourts have repeatedly found that such allegations alone are not sufficient." *In re Turquoise Hill Res. Ltd. Sec. Litig.*, 625 F. Supp. 3d 164, 238–39 (S.D.N.Y. 2022) (statements that defendants were "plugged in" and had "visibility" insufficient). Likewise, "the magnitude of a revenue decrease from one year to another" does not show it was the result of fraud. *Denny* v. *Canaan Inc.*, 2023 WL 2647855, at *14 (S.D.N.Y. Mar. 27, 2023). And Plaintiffs' claim that *New Orleans Employees Retirement System* v. *Celestica, Inc.*, 455 F. App'x 10, 14 n.3 (2d Cir. 2011), supports their pleading is wrong (Opp. 21); that case found scienter pled by CW allegations and noted various other theories that could support, but were not themselves sufficient to show, scienter.

**6.      *Plaintiffs Cannot Plead Scienter Based on Stock Trades*.** The Opposition also fails to rehabilitate Plaintiffs' scienter allegations based on the Individual Defendants' trading in Syneos stock, which was not suspicious. *Chapman* v. *Mueller Water Prod., Inc.*, 466 F. Supp. 3d 382, 411 (S.D.N.Y. 2020). As Defendants detailed in their opening brief (Br. 22–24 & Appx. D), among other things, the Individual Defendants' total holdings of Syneos stock actually increased in the aggregate during the Class Period, which precludes a "'cogent and compelling' inference of fraudulent intent" from their trading. *Avon Pension Fund* v. *GlaxoSmithKline PLC*, 343 F. App'x 671, 673 (2d Cir. 2009). Defendants' trading pursuant to Rule 10b5-1 plans remains non-suspicious where, as here, the Complaint "pleads no facts that even remotely suggest" Defendants "entered into the [p]lans 'strategically' to capitalize on insider knowledge." *In re Lululemon Sec. Litig.*, 14 F. Supp. 3d 553, 585 (S.D.N.Y. 2014).

---

Defendants knew, and/or what was discussed internally that is alleged to be contrary to Class Period statements"); *Cornwell* v. *Credit Suisse Grp.*, 689 F. Supp. 2d 629, 637 (S.D.N.Y. 2010) (specific reports documenting contradictory facts shared directly with individual defendants).

Plaintiffs merely repeat the inaccuracies in the Complaint, continuing to incorrectly suggest that the Individual Defendants sold more than 80% of their Syneos shares during the Class Period. (Opp. 23–24.) To get there, Plaintiffs artificially exclude restricted "zero-dollar stock grants" from their calculations. (*Id.* 24 n.15.) But courts routinely count such grants among a defendants' total holdings when assessing scienter allegations. *In re Aratana Therapeutics Inc. Sec. Litig.*, 315 F. Supp. 3d 737, 762–63 (S.D.N.Y. 2018) (considering "zero-cost shares of common stock"); *In re Gildan Activewear, Inc. Sec. Litig.*, 636 F. Supp. 2d 261, 271 n.5 (S.D.N.Y. 2009) (finding "total shareholdings include restricted stock and exercisable and unexercisable options" and noting this approach is consistent with the "weight of authority").

Plaintiffs assert that the Individual Defendants "completely reversed" prior "trading patterns" (Opp. 24), but this also is not true. Defendants Colvin and Keefe joined Syneos in December 2018 and December 2017, respectively (AC ¶¶ 31, 33), and logically they had to acquire stock before they could sell stock. Moreover, Plaintiffs do not plead any misstatement during *2021*—when Syneos was growing significantly and exceeded guidance (Br. 7–8)—and their arguments based on 2021 trading or "patterns" thus provide no motive to defraud.[6]

Plaintiffs note certain third-party shareholders sold stock, but they fail to explain how that possibly could be relevant. (Opp. 25.) It is not. *See Alaska Laborer Emp'rs Ret. Fund* v. *Scholastic Corp.*, 2010 WL 3910211, at *7 (S.D.N.Y. Sept. 30, 2010). In any event, Plaintiffs do not allege that the selling shareholders were aware of non-public facts contradicting any statements. *See In re DraftKings*, 650 F. Supp. 3d at 174 n.29.

*     *     *

The Court should grant Defendants' motion and dismiss this action with prejudice.

---

[6] Plaintiffs also say that the trading began "shortly after . . . the ELT presentation created in November 2020." (Opp. 24.) But the presentation allegedly was provided to the Individual Defendants in *January 2021* (AC ¶ 49) and contained data "as of" *December* 2020 (AC ¶ 53).

Dated:    New York, New York          Respectfully submitted,
          February 2, 2024


                                        */s/ Brian T. Frawley*
                                       Brian T. Frawley
                                       Benjamin R. Walker
                                       SULLIVAN & CROMWELL LLP
                                       125 Broad Street
                                       New York, New York 10004
                                       (212) 558-4000
                                       frawleyb@sullcrom.com
                                       walkerb@sullcrom.com

                                       *Attorneys for Defendants Syneos Health, Inc., Alistair
                                       Macdonald, Michelle Keefe, Paul Colvin, and Jason
                                       Meggs*

-11-