## SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
BRUSSELS • FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

April 16, 2024

Via ECF

The Honorable J. Arun Subramanian,
   United States District Court,
      Southern District of New York,
         500 Pearl Street, Courtroom 15A,
           New York, NY 10007.

           Re:   *Kempen International Funds et al.* v. *Syneos Health, Inc. et al.*,
                 Case No. 23-cv-08848 (AS) (S.D.N.Y.)

Dear Judge Subramanian:

        On behalf of Defendants in the above-captioned matter, we write to bring to the Court's attention the April 12, 2024 decision by the United States Supreme Court in *Macquarie Infrastructure Corp., et al.* v. *Moab Partners, L.P., et al.*, No. 22–1165, 601 U.S. ---, 2024 WL 1588706 (Apr. 12, 2024), which reversed a decision from the Second Circuit and rejected prior Second Circuit law holding that a failure to disclose facts required to be disclosed by federal rules or regulations may form the basis of a securities fraud claim under Section 10(b) of the Exchange Act.[1]  Plaintiffs here rely heavily upon the same misstatement theories rejected as a matter of law by the unanimous Supreme Court in *Macquarie* in their Complaint (ECF No. 35) and in opposing Defendants' pending Motion to Dismiss (ECF No. 49).  Those theories are no longer viable under *Macquarie*.

        In *Macquarie*, the Supreme Court reiterated that "[p]ure omissions are not actionable" under Section 10(b), and that remains the case even where, as here, the supposedly omitted facts allegedly were required to have been disclosed by an SEC rule, such as Item 303 of SEC Regulation S-K.  2024 WL 1588706 at *2, *6.  Plaintiffs here invoke Item 303 and related Item 505 of Regulation S-K in support of *every one* of their claimed misstatements (AC (ECF No. 35) ¶¶ 106, 118, 132, 137, 149, 169, 187, 200, 207, 218, 239), and as the basis for their claim that Syneos was obligated to disclose various adverse developments or trends in its business as they arose (AC ¶¶ 316–29).  *Macquarie* ruled out all of these allegations and theories as an independent basis for liability under

---

[1] Capitalized terms not otherwise defined herein have the meaning ascribed to them in Defendants' Memorandum in support of their Motion to Dismiss (ECF No. 47).

The Honorable J. Arun Subramanian,                                                                                          -2-

Section 10(b).  2024 WL 1588706 at *5 ("Today, this Court confirms that the failure to disclose information required by Item 303 can support a Rule 10b–5(b) claim only if the omission renders affirmative statements made misleading.").

The misstatement theories rejected by Justice Sotomayor for a unanimous Supreme Court in *Macquarie* are indistinguishable from the theories and allegations in the Amended Complaint here.  In *Macquarie*, a subsidiary of the company operated large bulk storage terminals for liquid commodities, including high-sulfur fuel oil that was its "single largest product." *Id.* at *3.  In 2016, the United Nations adopted a regulation, IMO 2020, that imposed "a near-cataclysmic ban on the bulk of its worldwide use" beginning in 2020. *Id.*  Macquarie did not disclose IMO 2020 in its public filings, or mention the likely or potential impact from IMO 2020, until February 2018, when it announced disappointing 2017 results due in part to reduced storage volumes because of "the structural decline in the No. 6 fuel oil market." *Id.*  Relying on its own precedents that, in contrast to other Circuits, had held that a failure to disclose information required to be disclosed under Item 303 can form the basis of a Section 10(b) claim, the Second Circuit ruled that the significant restriction imposed by IMO 2020 on the use of No. 6 fuel oil qualified as a "known trend[] or uncertain[y]" under Item 303, the omission of which was actionable under Section 10(b).  *Id.*  The Supreme Court reversed, because "[p]ure omissions are not actionable under Rule 10b-5(b)," and the omission of facts required to be disclosed by SEC rules does not transform such omissions into actionable misstatements. *Id.* at *5-*6.

As in *Macquarie*, Plaintiffs here argue that, rather than disclosing actual, historical financial results each quarter, Syneos was required to volunteer that "quality issues and data limitations were having a devastating and undisclosed impact on its clinical business, which was neither healthy nor growing and was instead experiencing negative growth." (Opp. (ECF No. 49) at 3.)  Under *Macquarie*, unless some affirmative Syneos statement was actionably misleading on its own—and no Syneos statement is shown to have been *misleading when made* for the reasons set forth in the Motion to Dismiss— Plaintiffs may not manufacture a misstatement under Section 10(b) by repeating incessantly that Syneos failed to disclose that some then extant circumstances may lead to "impaired business development capabilities, acute qualitative and competitive disadvantages, integration issues, declining reimbursable expenses, an inability to be agile in meeting customer needs and . . . erosion of new business."  (AC ¶¶ 106, 118, 132, 137, 149, 169, 187, 200, 207, 218, 239.)

Defendants' counsel are available to discuss these issues at the Court's convenience.

Respectfully submitted,

Brian T. Frawley

cc:     Counsel of Record (via ECF)