

4747 EXECUTIVE DRIVE    SECOND FLOOR    SAN DIEGO, CALIFORNIA 92121

HENRY ROSEN
HROSEN@DICELLOLEVITT.COM
619.923.3939

April 19, 2024

**VIA ECF**

The Honorable Arun Subramanian
United States District Court
  for the Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl St.
New York, NY  10007

      Re:    *Kempen Int'l Funds, et al. v. Syneos Health, Inc., et al.*, No. 1:23-cv-08848 (AS) (S.D.N.Y.)

Dear Judge Subramanian:

      Lead Plaintiffs respectfully submit this response to Defendants' April 16, 2024 letter submission.

      Defendants' submission of the Supreme Court's recent decision in *Macquarie Infrastructure Corp. v. Moab Partners, L.P.*, __ U.S. __, No. 22-1165, 2024 WL 1588706 (Apr. 12, 2024), is misplaced.  The holding in *Macquarie* applies only to cases alleging "pure omission[s]," *i.e.*, "when a speaker says nothing, in circumstances that do not give any particular meaning to that silence."  *Id.* at *4.  Indeed, the Supreme Court confirmed that "the failure to disclose information required by Item 303 can support a Rule 10b-5(b) claim" when the "omission renders affirmative statements made misleading."  *Id.* at *5.

      Here, Lead Plaintiffs do not allege a "pure omissions" case and Defendants' suggestion to the contrary fails by their own admission.  *See*, *e.g.*, ECF No. 54 at 2 (citing ECF No. 49 at 3) (detailing how Defendants' "statements highlighting the Company's record 'SMID' performance, strong gross awards growth, record backlog, robust pipelines, and book-to-bill ratios" "were not as Defendants portrayed them to be" because they failed to disclose, among other things, that Syneos "was plagued by known, but undisclosed, quality, technological, cultural, and operational problems").

Hon. Arun Subramanian
April 19, 2024

Rather, Lead Plaintiffs allege actionable affirmative statements and detail the reasons why those statements are false and misleading, both for what they falsely state as well as for what they omit. *See*, *e.g.*, ECF No. 49 at 18-19; *see also* ECF No. 49-2 (chart identifying Defendants' false statements made during the Class Period, explaining why those statements are false, and detailing their conscious recklessness). And Item 303 provides an additional and independent reason why Defendants' "omission[s] render[] affirmative statements made misleading." *Macquarie*, 2024 WL 1588706, at *5; *see also* ¶187[1].

For example, in August and September of 2021, Defendants' affirmative statements that (a) "'**Clinical . . . achieving double-digit growth year-over-year . . . delivered another quarter of strong awards, powering record backlog levels and fueling our robust growth expectations** over the balance of 2021" (¶176); (b) that the Company enjoyed "**great SMID performance in sales** in quarter 4 and quarter 1, again, in quarter 2. That's starting to pull through into revenue as well in the back half" (¶182); and (c) Syneos's reported **net new business awards, book-to-bill ratios, and backlog metrics** (¶¶180, 184) were materially false and misleading because, among other reasons, Defendants failed to disclose the following adverse information:

- "the Company's business operations . . . were **severely impaired by quality and performance issues** that in turn adversely impacted the Company's ability to deliver on its contractual obligations with its customers," (186(a));

- that "Syneos's **known and persistent qualitative issues were having devastating consequences on its clinical business**, clients were **placing Syneos business on 'hold' due to Syneos's lack of a 'quality culture**,' and would not make additional business available to the Company until it cured its 'delivery failures,' and 'earned back trust.'" (*Id.*);

- that "Syneos was **suffering from acute competitive disadvantages**, including with respect to technology, that **prevented the Company from winning new business and retaining existing customers**." (¶186(b)); and

- "Syneos's **performance capabilities had been materially impaired** by workforce problems and high turnover stemming from leadership failings, operational changes, a toxic culture, and labor force turmoil which **impacted the Company's ability to properly service its clinical customers and produce quality clinical data, maintain**

---

[1] "¶_" and "¶¶__" refer to paragraph references in the Amended Complaint for Violations of the Federal Securities Laws (ECF No. 45) (the "Complaint").

Hon. Arun Subramanian
April 19, 2024

***relationships with current customers, and generate and secure new business opportunities***." (¶186(c)).

As alleged in the Complaint, Item 303 then provides an additional and independent reason why Defendants were obligated, but failed, to disclose "known trends and uncertainties that were likely to have a material unfavorable impact on the Company's business and financial results," including that Syneos was "***plagued by impaired business development capabilities, acute qualitative and competitive disadvantages, integration issues, declining reimbursable expenses, an inability to be agile in meeting customer needs and execute on existing contracts, and from an erosion of new business***." ¶187.

Defendants' submission has no bearing on the sufficiency of the Complaint. Lead Plaintiffs have properly and sufficient alleged each element of their claims, including identifying each challenged statement made during the Class Period, explaining why those statements are false, and detailing Defendants' conscious recklessness. *See* ECF No. 49-2. Defendants' motion should be denied in its entirety.

Respectfully submitted,

*s/ Henry Rosen*
Henry Rosen
DICELLO LEVITT LLP

*Counsel for Lead Plaintiffs Kempen International Funds - MercLin Global Equity and MercLin Patrimonium, and MercLin Institutional Equity Fund DBI-RDT*