UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEMPEN INTERNATIONAL FUNDS et al.,

                Plaintiffs,

  -against-

SYNEOS HEALTH, INC. et al.,

                Defendants.

23-cv-8848 (AS)

OPINION AND ORDER

ARUN SUBRAMANIAN, United States District Judge:

## BACKGROUND

Defendant Syneos is a clinical-research company. Am. Compl. ¶ 4, Dkt. 35. It helps pharmaceutical companies run clinical trials and commercialize their products. ¶ 3. Its business model depends on constantly winning new business; as one clinical trial ends, it needs another one queued up. ¶ 4. So Syneos generally tries to maintain a backlog of work, and it reports a series of detailed financial metrics that, among other things, track how much business is in the pipeline. *Id.* Plaintiffs allege that Syneos and its executives misreported those metrics and made misleading statements about the health of the business. They have sued under §§ 10(b) and 20(a) of the Securities Exchange Act of 1934 as well as SEC Rule 10b-5(b). ¶¶ 350–365. Syneos has moved to dismiss.

## LEGAL STANDARDS

"Any complaint alleging securities fraud must satisfy the heightened pleading requirements" of the Private Securities Litigation Reform Act of 1995 (PSLRA) and Federal Rule of Civil Procedure 9(b). *Emps.' Ret. Sys. of Gov't of the V.I. v. Blanford*, 794 F.3d 297, 304 (2d Cir. 2015). "As relevant here, the PSLRA specifically requires a complaint to demonstrate that the defendant made misleading statements and omissions of a material fact, and acted with the required state of mind." *Id.* at 305 (cleaned up). As usual, the Court accepts the complaint's allegations as true. *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007). But those allegations must be pleaded with particularity.

For the misleading-statement element, the complaint must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Blanford*, 794 F.3d at 305 (citation omitted); *see also* 15 U.S.C. § 78u-4(b)(1)–(2). "[D]raw[ing] all reasonable inferences in the plaintiff's favor," the complaint must plausibly allege that the statements were misleading. *Blanford*, 794 F.3d at 307 (citation omitted).

On the scienter element, the complaint must "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." 15 U.S.C. § 78u-4(b)(2)(A).

To decide whether an inference is "strong," the Court "must consider the complaint in its entirety" and "must take into account plausible opposing inferences." *Tellabs*, 551 U.S. at 323. "A complaint will survive … only if a reasonable person would deem the inference of scienter cogent and at least as compelling as any opposing inference one could draw from the facts alleged." *Id.* at 324.

## DISCUSSION

The complaint here was not pleaded with particularity. Instead, it is an example of so-called puzzle pleading. The complaint splits the allegedly misleading statements into twelve sections. All but one of those sections follows this model: It first quotes Defendants' statements, many of which are paragraphs long, and italicizes much of the quoted language. *See, e.g.*, ¶¶ 104, 113–115, 194–197, 225–227. Then, there is a multi-part paragraph. Some parts of that paragraph isolate specific portions of the quotations while other parts offer vague generalizations that allegedly apply to the quotations. *Compare* ¶ 199(i) (specific quotation), *with* ¶ 199(vii) (alleging that statements about "the manner in which the Company accounts for and manages its new business awards and backlog" were false or misleading). Finally, there is an eight-paragraph list, spanning four pages, with all the "adverse facts pertaining to the Company's business, operations, financial condition, and financial performance, which were known to Defendants or recklessly disregarded by them" that allegedly render the statements false or misleading. ¶¶ 117, 131, 136, 148, 168, 186, 199, 206, 217, 228. The list is the same (except for some immaterial tweaks) for each section, referring to facts throughout the class period. *Id.*

This complaint bears a strong resemblance to the one considered in *Boca Raton Firefighters & Police Pension Fund v. Bahash*, 506 F. App'x 32 (2d Cir. 2012). In that case, the Second Circuit affirmed a district court's dismissal of a complaint for lack of particularity. The "complaint consist[ed] in large part of large block quotations with italicized text, followed by a passage that read[,] 'The statements referenced in the preceding paragraphs were each materially false and misleading when made for the reasons set forth in ¶ 256 and the factual detail contained throughout this Complaint.'" *Id.* at 38 (cleaned up). "The frequently cross-referenced paragraph 256 … then provides a bullet-point list (running over a page) of 'true facts, which were then known to or recklessly disregarded by each of the Defendants.'" *Id.*

Although Plaintiffs here have done the Court the courtesy of copying and pasting the list of facts rather than cross-referencing it, the effect is the same. This "complaint f[alls] far short of [the particularity] standard, basically leaving the District Court to search the long quotations in the complaint for particular false statements, and then determine on its own initiative how and why the statements were false and how other facts might show a strong inference of scienter." *Id.* Relying on the Court to apply four pages of less-than-specific facts to many paragraphs of supposedly misleading statements "does not comport with [the Second Circuit's] exhortation that plaintiffs 'must demonstrate with specificity why and how' each statement is materially false or misleading." *Id.* (quoting *Rombach v. Chang*, 355 F.3d 164, 174 (2d Cir. 2004)); *see also Nandkumar v. AstraZeneca PLC*, 2023 WL 3477164, at *2 (2d Cir. May 16, 2023) (holding that "[t]his manner of pleading, with a boilerplate paragraph after each alleged misstatement," lacks particularity).

Many other district courts have dismissed similar complaints. *See, e.g.*, *Born v. Quad/Graphics, Inc.*, 521 F. Supp. 3d 469, 477–79 (S.D.N.Y. 2021); *In re Pareteum Sec. Litig.*, 2020 WL 3448526, at *1–2 (S.D.N.Y. June 23, 2020); *In re FuboTV Inc. Sec. Litig.*, 2023 WL 2711826, at *11–13 (S.D.N.Y. Mar. 30, 2023); *Plymouth Cnty. Ret. Ass'n v. Array Techs., Inc.*, 2023 WL 3569068, at *9 (S.D.N.Y. May 19, 2023).

And the problem can't be easily overlooked here. The class period covers several years, defendants, mergers, and financial filings. The company's performance—and what Defendants knew about it—was changing all the time. Yet Plaintiffs' approach flattens that timeline, simply asserting, for example, that "Syneos was suffering from acute competitive disadvantages" and that "Defendants artificially inflated Syneos's reported backlog by at least $500 million." ¶ 217(b), (g). Without specifically alleging when these issues arose or when Defendants knew about them, the Court can't meaningfully evaluate whether Defendants' statements were plausibly false or misleading or whether there is a strong inference that they acted with scienter.

For these reasons, the motion to dismiss is granted. But Plaintiffs will have the opportunity to amend. If they choose to do so, the second amended complaint must identify (1) specific statements (usually not more than a few sentences), (2) contrary facts at the time of each statement, and (3) facts raising an inference of Defendants' scienter with respect to (2). Plaintiffs should also organize their complaint in the way that a court would analyze it, with headings for each category of allegedly false or misleading statements. Finally, in preparing the amendment, Plaintiffs should be mindful of the Supreme Court's recent decision in *Macquarie Infrastructure Corp. v. Moab Partners, L.P.*, 144 S. Ct. 885 (2024).

## CONCLUSION

Defendants' motion to dismiss is GRANTED. The Clerk of Court is directed to close Dkt. 46. Any second amended complaint shall be filed by May 20, 2024. If an amendment is filed, Defendants' motion to dismiss, limited to 20 pages, will be due on or before June 14, 2024. Plaintiffs' opposition, also limited to 20 pages, will be due on July 12, 2024. Defendants' reply, limited to 5 pages, will be due on July 22, 2024. No excess-page requests will be granted.

SO ORDERED.

Dated: April 25, 2024
New York, New York

_____
ARUN SUBRAMANIAN
United States District Judge