# Exhibit 50

**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
**Washington, DC 20549**

FORM 4

**STATEMENT OF CHANGES OF BENEFICIAL OWNERSHIP OF SECURITIES**

**The Commission is authorized to solicit the information required by this Form pursuant to Sections 16(a) and 23(a) of the Securities Exchange Act of 1934, Sections 17(a) and 20(a) of the Public Utility Holding Company Act of 1935, and Sections 30(h) and 38 of the Investment Company Act of 1940, and the rules and regulations thereunder.**

**Disclosure of information specified on this Form is mandatory, except for disclosure of the I.R.S. identification number of the reporting person if such person is an entity, which is voluntary. If such numbers are furnished, they will assist the Commission in distinguishing reporting persons with similar names and will facilitate the prompt processing of the Form. The information will be used for the primary purpose of disclosing the transactions and holdings of directors, officers, and beneficial owners of registered companies. Information disclosed will be a matter of public record and available for inspection by members of the public. The Commission can use it in investigations or litigation involving the federal securities laws or other civil, criminal, or regulatory statutes or provisions, as well as for referral to other governmental authorities and self-regulatory organizations. Failure to disclose required information may result in civil or criminal action against persons involved for violations of the Federal securities laws and rules.**

# GENERAL INSTRUCTIONS

Persons who respond to the collection of information contained in this form are not required to respond unless the form displays a currently valid OMB control number.

SEC1475 (02-23)

1.  **When Form Must Be Filed**

    (a)  This Form must be filed before the end of the second business day following the day on which a transaction resulting in a change in beneficial  ownership has been executed (see Rule 16a-1(a)(2) and Instruction 4 regarding the meaning of "beneficial owner," and Rule 16a-3(g) regarding determination of the date of execution for specified transactions). This Form and any amendment is deemed filed with the Commission or the Exchange on the date it is received by the Commission or the Exchange, respectively. *See*, however, Rule 16a-3(h) regarding delivery to a third party business that guarantees delivery of the filing no later than the specified due date.

    (b)  A reporting person no longer subject to Section 16 of the Securities Exchange Act of 1934 ("Exchange Act") must check the exit box appearing on this Form. However, Form 4 and 5 obligations may continue to be applicable. *See* Rule 16a-3 (f); *see also* Rule 16a-2(b) (transactions after termination of insider status).  Form 5 transactions to date may be included on this Form and subsequent Form 5 transactions may be reported on a later Form 4 or Form 5, provided all transactions are reported by the required date.

    (c)  A separate Form shall be filed to reflect beneficial ownership of securities of each issuer.

    (d)  If a  reporting  person  is  not  an  officer, director, or  ten percent holder, the  person should check "other" in Item 6 (Relationship of  Reporting Person to Issuer) and  describe  the reason for  reporting status in  the  space provided.

2.  **Where Form Must be Filed**

    (a)  A reporting person must file this Form in electronic format via the Commission's Electronic Data Gathering Analysis and Retrieval System (EDGAR) in accordance with EDGAR rules set forth in Regulation S-T (17 CFR Part 232), except that a filing person that has obtained a hardship exception under Regulation S-T Rule 202 (17 CFR 232.202) may file the Form in paper. For assistance with technical questions about EDGAR or to request an access code, call the EDGAR Filer Support Office at (202) 942-8900. For assistance with questions about the EDGAR rules, call the Office of EDGAR and Information Analysis at (202) 942-2940.

    (b)  At the time this Form or any amendment is filed with the Commission, file one copy with each Exchange on which any class of securities of the issuer is registered. If the issuer has designated a single Exchange to receive Section 16 filings, the copy shall be filed with that Exchange only.

    (c)  [Removed and Reserved]

3.  **Class of Securities Reported**

    (a)  (i)   Persons reporting pursuant to Section 16(a) of the Exchange Act must report each transaction resulting in a change in beneficial ownership of any class of equity securities of the issuer and the beneficial ownership of that class of securities following the reported transaction(s), even though one or more of such classes may not be registered pursuant to Section 12 of the Exchange Act.

    (ii)  [Removed and Reserved]

    (iii) Persons reporting pursuant to Section 30(h) of the Investment Company Act of 1940 must report each transaction resulting in a change in beneficial ownership of any class of securities (equity or debt) of the registered closed-end investment company (other than "short-term paper" as defined in Section 2(a)(38) of the Investment Company Act) and the beneficial ownership of that class of securities following the reported transaction(s).

    (b)  The title of the security should clearly identify the class, even if the issuer has only one class of securities outstanding; for example, "Common Stock," "Class A Common Stock," "Class B Convertible Preferred Stock," etc.

    (c)  The amount of securities  beneficially owned should  state the face amount of  debt  securities (U.S. Dollars) or  the number of equity securities, whichever is appropriate.

4.  **Transactions and Holdings Required To Be Reported**

    (a)  *General Requirements*

2

(i)    Report, in accordance with Rule 16a-3(g):

    (1)   all transactions not exempt from §16(b);

    (2)   all transactions exempt from Section 16(b) pursuant to §240.16b-3(d), §240.16b-3(e), or §240.16b-3(f); and

    (3)   all exercises and conversions of derivative securities, regardless of whether exempt from Section 16(b) of the Act.

Every transaction must be reported even though acquisitions and dispositions are equal. Report total beneficial ownership following the reported transaction(s) for each class of securities in which a transaction was reported.

**Note**:    The amount of securities beneficially owned following the reported transaction(s) specified in Column 5 of Table I and Column 9 of Table II should reflect those holdings reported or required to be reported by the date of theForm. Transactions and holdings eligible for deferred reporting on Form 5 need not be reflected in the month end total unless the transactions were reported earlier or are included on this Form.

(ii)    Each transaction should be reported on a separate line. Transaction codes specified in Item 8 should be used to identify the nature of the transaction resulting in an acquisition or disposition of a security. A deemed execution date must be reported in Column 2A of Table I or Column 3A of Table II only if the execution date for the transaction is calculated pursuant to §240.16a-3(g)(2) or §240.16a-3(g)(3).

**Note**:    Transactions r eportable on Form 5 may, at the option of the reporting person, be reported on a Form 4 filed before the due date of the Form 5. (*See* Instruction 8 for the code for voluntarily reported transactions.)

(b)   *Beneficial Ownership Reported (Pecuniary Interest)*

(i)    Although for purposes of determining status as a ten percent holder, a person is deemed to beneficially own securities over which that person exercises voting or investment control (*see* Rule 16a-1(a)(1)), for reporting transactions and holdings, a person is deemed to be the beneficial owner of securities if that person has the opportunity, directly or indirectly, to profit or share in any profit derived from a transaction in the securities ("pecuniary interest"). *See* Rule 16a-1(a)(2). *See also* Rule 16a-8 for the application of the beneficial ownership definition to trust holdings and transactions.

(ii)    Both direct and indirect beneficial ownership of securities shall be reported. Securities beneficially owned directly are those held in the reporting person's name or in the name of a bank, broker or nominee for the account of the reporting person. In addition, securities held as joint tenants, tenants in common, tenants by the entirety, or as community property are to be reported as held directly. If a person has a pecuniary interest, by reason of any contract, understanding or relationship (including a family relationship or arrangement), in securities held in the name of another person, that person is an indirect beneficial owner of the securities. *See* Rule 16a-1(a)(2)(ii) for certain indirect beneficial ownerships.

(iii)    Report transactions in securities beneficially owned directly on a separate line from those beneficially owned indirectly. Report different forms of indirect ownership on separate lines. The nature of indirect ownership shall be stated as specifically as possible; for example, "By Self as Trustee for X," "By Spouse," "By X Trust," "By Y Corporation," etc.

(iv)    In stating the amount of securities acquired, disposed of, or beneficially owned indirectly through a partnership, corporation, trust, or other entity, report the number of securities representing the reporting person's proportionate interest in transactions conducted by that entity or holdings of that entity. Alternatively, at the option of the reporting person, the entire amount of the entity's interest may be reported. *See* Rule 16a-1(a)(2)(ii)(B) and Rule 16a-1(a)(2)(iii).

(v)    Where more than one beneficial owner of the same equity securities must report transactions on Form 4, such owners may file Form 4 individually or jointly. Joint and group filings may be made by any designated beneficial owner. Transactions with respect to securities owned separately by any joint or group filer are permitted to be included in the joint filing. Indicate only the name and address of the designated filer in Item 1 of Form 4 and attach a list of the names and addresses (or, if entities,IRS identification numbers instead of addresses) of each other reporting person. Joint and group filings must include all required information for each beneficial owner, and such filings must be signed

3

by each beneficial owner, or on behalf of such owner by an authorized person.   If the space provided for signatures is insufficient, attach a signature page.  Submit any attached listing of names or signatures on another Form 4, copy of Form 4 or separate page of 8 1/2 by 11 inch white paper, indicate the number of pages comprising the report (Form plus attachments) at the bottom of each report page (*e.g.*, 1 of 3, 2 of 3, 3 of 3), and include the name of the designated filer and information required by Items 2 and 4 of the Form on the attachment.

(c)    *Non-Derivative and Derivative Securities*

(i)    Report acquisitions or dispositions and holdings of non-derivative securities in Table I. Report acquisitions or dispositions and holdings of derivative securities (*e.g.*, puts, calls, options, warrants, convertible securities, or other rights or obligations to buy or sell securities) in Table II. Report the exercise or conversion of a derivative security in Table II (as a disposition of the derivative security) and report in Table I the holdings of the underlying security. Report acquisitions or dispositions and holdings of derivative securities that are both equity securities and convertible or exchangeable for other equity securities (*e.g.*, convertible preferred securities) only in Table II.

(ii)    The title of a derivative security and the title of the equity security underlying the derivative security should be shown separately in the appropriate columns in Table II. The "puts" and "calls" reported in Table II include, in addition to separate puts and calls, any combination of the two, such as spreads and straddles. In reporting an option in Table II, state whether it represents a right to buy, a right to sell, an obligation to buy, or an obligation to sell the equity securities subject to the option.

(iii)    Describe in the appropriate columns in Table II characteristics of derivative securities, including title, exercise or conversion price, date exercisable, expiration date, and  the title and amount of  securities underlying   the derivative security. If the transaction reported is a purchase or a sale of a derivative security, the purchase or sale price of that derivative security shall be reported in column 8. If the transaction is the exercise or conversion of a derivative security, leave column 8 blank and report the exercise or conversion price of the derivative security in column 2.

(iv)    Securities constituting components of a  unit shall  be reported separately on  the applicable table (*e.g.*, if a unit  has a non-derivative security  component  and a  derivative  security  component,  the  non-derivative security  component shall be reported  in Table I and  the derivative security component shall be reported  in Table II).  The relationship between individual  securities  comprising the unit shall be  indicated  in  the  space provided  for  explanation of responses.  When securities are purchased or  sold as a unit, state the purchase or sale price per unit and other required information regarding the unit securities.

## 5.    Price of Securities

(a)    Prices  of securities shall  be  reported in U.S. dollars on a  per  share basis, not an aggregate  basis, except  that the aggregate price of debt shall be stated.  Amounts reported shall exclude brokerage commissions and other costs of execution.

(b)    If  consideration other  than cash was  paid  for  the security,  describe the consideration,  including  the  value of  the consideration, in the space provided for explanation of responses.

## 6.    Additional Information

(a) If the space provided in the line items on the electronic Form is insufficient, use the space provided for footnotes. If the space provided for footnotes is insufficient, create a footnote that refers to an exhibit to the form that contains the additional information.

(b) If the space provided in the line items on the paper Form or space provided for additional comments is insufficient, attach another Form 4, copy of Form 4 or separate 8 ½ by 11 inch white paper to Form 4, completed as appropriate to include the additional comments. Each attached page must include information required in Items 1, 2 and 3 of the Form. The number of pages comprising the report (Form plus attachments) shall be indicated at the bottom of each report page (e.g., 1 of 3, 2 of 3, 3 of 3).

(c) If one or more exhibits are included, whether due to a lack of space or because the exhibit is, by nature, a separate document (e.g., a power of attorney), provide a sequentially numbered list of the exhibits in the Form. Use the number "24" for any power of attorney and the number "99" for any other exhibit. If there is more than one of either such exhibit, then use numerical subparts. If the exhibit is being filed as a confirming electronic copy under Regulation S-T Rule 202(d) (17 CFR 232.202(d)), then place the designation "CE" (confirming exhibit) next to the name of the exhibit in the exhibit list. If the exhibit is being filed in paper pursuant to a hardship exception under Regulation S-T Rule 202 (17 CFR 232.202), then place the

designation "P" (paper) next to the name of the exhibit in the exhibit list.

(d) If additional information is not reported as provided in paragraph (a), (b) or (c) of this instruction, whichever apply, it will be assumed that no additional information was provided.

**7.    Signature**

(a)    If the Form is filed for an individual, it shall be signed by that person or specifically on behalf of the individual by a person authorized to sign for the individual. If signed on  behalf of  the individual by another person, the  authority of such person to sign the Form shall be confirmed to the Commission in writing in  an attachment to the Form or as soon as practicable in an amendment by  the individual for whom the Form is filed,  unless  such a confirmation still in effect is on  file with the Commission.  The confirming statement  need only  indicate  that  the  reporting  person authorizes and designates the named  person or persons to  file the Form on the reporting person's behalf, and state the duration of the authorization.

(b)    If the Form is filed for a corporation, partnership, trust, or other entity, the capacity in which the individual signed shall be set forth (*e.g.*, John Smith, Secretary, on behalf of X Corporation).

**8.    Transaction Codes**

Use the codes listed  below to indicate in Table I, Column 3 and Table II, Column 4 the character of  the transaction reported. Use the code that most appropriately describes the transaction.  If the transaction is not specifically listed, use transaction Code "J" and describe the nature of the transaction in the space for explanation of  responses.  If a transaction is voluntarily reported earlier than required, place "V" in the appropriate column to so indicate; otherwise, the column should be left blank.  If a transaction involves an equity swap or instrument with similar characteristics, use transaction code "K" in addition to the code(s) that most appropriately describes the transaction, *e.g.*, "S/K" or "P/K."

*General Transaction Codes*

P    —    Open market or private purchase of non-derivative or derivative security
S    —    Open market or private sale of non-derivative or derivative security
V    —    Transaction voluntarily reported earlier than required

*Rule 16b-3 Transaction Codes*

A    —    Grant, award or other acquisition pursuant to Rule 16b-3(d)
D    —    Disposition to the issuer of issuer equity securities pursuant to Rule 16b-3(e)
F    —    Payment of exercise price or tax liability by delivering or withholding securities incident to the receipt, exercise or vesting of a security issued in accordance with Rule 16b-3
I    —    Discretionary transaction in accordance with Rule 16b-3(f) resulting in acquisition or disposition of issuer securities
M    —    Exercise or conversion of derivative security exempted pursuant to Rule 16b-3

*Derivative Securities Codes (Except for transactions exempted pursuant to Rule 16b-3)*

C    —    Conversion of derivative security
E    —    Expiration of short derivative position
H    —    Expiration (or cancellation) of long derivative position with value received
O    —    Exercise of out-of-the-money derivative security
X    —    Exercise of in-the-money or at-the-money derivative security

*Other Section 16(b) Exempt Transaction and Small Acquisition Codes (except for Rule 16b-3 codes above)*

G    —    Bona fide gift
L    —    Small acquisition under Rule 16a-6
W    —    Acquisition or disposition by will or the laws of descent and distribution
Z    —    Deposit into or withdrawal from voting trust

5

**9.    Amendments**

(a)    If this Form is filed as an amendment in order to add one or more lines of transaction information to Table I or Table II of the Form being amended, provide each line being added, together with one or more footnotes, as necessary, to explain the addition of the line or lines. Do not repeat lines of transaction information that were disclosed in the original Form and are not being amended.

(b)    If this Form is filed as an amendment in order to amend one or more lines of transaction information that already were disclosed in Table I or Table II of the Form being amended, provide the complete line or lines being amended, as amended, together with one or more footnotes, as necessary, to explain the amendment of the line or lines. Do not repeat lines of transaction information that were disclosed in the original Form and are not being amended.

(c)    If this Form is filed as an amendment for any purpose other than or in addition to the purposes described in paragraphs (a) and (b) of this General Instruction 9, provide one or more footnotes, as necessary, to explain the amendment.

**10.    Rule 10b5-1(c) Transaction Indication**

Indicate by check mark whether a transaction was made pursuant to a contract, instruction or written plan for the purchase or sale of equity securities of the issuer that is intended to satisfy the affirmative defense conditions of Rule 10b5-1(c) under the Exchange Act [§240.10b5-1(c) of this chapter]. Provide the date of adoption of the Rule 10b5-1(c) plan in the "Explanation of Responses" portion of the Form.