**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| KEMPEN INTERNATIONAL FUNDS (KEMPEN INTERNATIONAL FUNDS - MERCLIN GLOBAL EQUITY), KEMPEN INTERNATIONAL FUNDS (KEMPEN INTERNATIONAL FUNDS - MERCLIN PATRIMONIUM), and MERCLIN INSTITUTIONAL FUND (MERCLIN INSTITUTIONAL EQUITY FUND DBI-RDT), Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>SYNEOS HEALTH, INC., ALISTAIR MACDONALD, MICHELLE KEEFE, PAUL COLVIN, and JASON MEGGS,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )  Case No. 1:23-cv-08848-AS<br><br>ORAL ARGUMENT REQUESTED |

**DEFENDANTS' REPLY MEMORANDUM IN FURTHER SUPPORT OF**
**THEIR MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**

BRIAN T. FRAWLEY
BENJAMIN R. WALKER
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone:   (212) 558-4000

*Attorneys for Defendants Syneos Health, Inc.,*
*Alistair Macdonald, Michelle Keefe, Paul Colvin,*
*and Jason Meggs*

July 22, 2024

**TABLE OF CONTENTS**

*Page*

1.   Plaintiffs Disregarded the Court's Pleading Instructions............................................................1

2.   The SAC Fails To Plead Plaintiffs' Claims With Particularity ..........................................2

3.   Most of the Alleged Misstatements Are Inactionable............................................................4

4.   The Opposition Confirms Plaintiffs' Inability to Plead Scienter..........................................4

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Avon Pension Fund* v. *GlaxoSmithKline PLC*,
  343 F. App'x 671 (2d Cir. 2009) ..................................................................................5

*In re Banco Bradesco S.A. Sec. Litig.*,
  277 F. Supp. 3d 600 (S.D.N.Y. 2017)...........................................................................4

*Batson* v. *Rim San Antonio Acquisition, LCC*,
  2016 WL 6901312 (S.D.N.Y. Nov. 22, 2016) ...............................................................2

*In re Gildan Activewear, Inc. Sec. Litig.*,
  636 F. Supp. 2d 261 (S.D.N.Y. 2009)...........................................................................5

*Gissin* v. *Endres*,
  739 F. Supp. 2d 488 (S.D.N.Y. 2010)...........................................................................4

*Gray* v. *Wesco Aircraft Holdings, Inc.*,
  454 F. Supp. 3d 366 (S.D.N.Y. 2020)...........................................................................4

*Gross* v. *AT&T Inc.*,
  2021 WL 9803956 (S.D.N.Y. Sept. 27, 2021)...............................................................3

*Kempen Int'l Funds* v. *Syneos Health, Inc.*,
  2024 WL 1805011 (S.D.N.Y. Apr. 25, 2024)................................................................1

*Inter-Loc. Pension Fund GCC/IBT* v. *Gen. Elec. Co.*,
  445 F. App'x 368 (2d Cir. 2011) ..................................................................................5

*Landesbank Baden-Wurttemberg* v. *Goldman, Sachs & Co.*,
  478 F. App'x 679 (2d Cir. 2012) ..................................................................................5

*In re Lululemon Sec. Litig.*,
  14 F. Supp. 3d 553 (S.D.N.Y. 2014).............................................................................5

*Macquarie Infrastructure Corp.* v. *Moab Partners, L.P.*,
  601 U.S. 257 (2024)......................................................................................................2

*N.J. Carpenters Health Fund* v. *Royal Bank of Scotland Grp., PLC*,
  709 F.3d 109 (2d Cir. 2013)..........................................................................................2

*Novak* v. *Kasaks*,
  216 F.3d 300 (2d Cir. 2000)........................................................................................2, 5

*In re Philip Servs. Corp. Sec. Litig.*,
    383 F. Supp. 2d 463 (S.D.N.Y. 2004)..................................................................................2

*Robeco Cap. Growth Funds SICAV- Robeco Glob. Consumer Trends* v. *Peloton Interactive, Inc.*,
    665 F. Supp. 3d 522 (S.D.N.Y. 2023)..................................................................................4

*Steamfitters Loc. 449 Pension Plan* v. *AT&T Inc.*,
    2022 WL 17587853 (2d Cir. Dec. 13, 2022) ........................................................................3

*Sun* v. *TAL Educ. Grp.*,
    2023 WL 6394413 (S.D.N.Y. Sept. 29, 2023)......................................................................5

*Town of Davie Police Officers Ret. Sys.* v. *City of N. Miami Beach Police Officers' & Firefighters' Ret. Plan*,
    2021 WL 5142702 (2d Cir. Nov. 5, 2021)............................................................................5

*In re Turquoise Hill Res. Ltd. Sec. Litig.*,
    625 F. Supp. 3d 164 (S.D.N.Y. 2022)..................................................................................4

**Statutes and Rules**

Private Securities Litigation Reform Act of 1995,
    15 U.S.C. § 78u–4 & § 78u–5.......................................................................................1, 3, 4

SEC Rule 10b5-1, 17 C.F.R. § 240.10b5-1 ........................................................................5

Item 303 of SEC Regulation S-K, 17 C.F.R. § 229.303 ....................................................2

# TABLE OF ABBREVIATIONS[1]

| | |
|---|---|
| Br. | Defendants' Memorandum of Law in Support of Their Motion to Dismiss the Second Amended Complaint (ECF No. 59) |
| Class Period | Putative class period of September 9, 2020 through November 3, 2022 |
| CW | Confidential Witness |
| ELT | Executive Leadership Team |
| FAC | [First] Amended Complaint for Violation of the Federal Securities Laws (ECF No. 35) |
| Individual Defendants | Alistair Macdonald, Michelle Keefe, Paul Colvin, and Jason Meggs |
| Item 303 | Item 303 of SEC Regulation S-K, 17 C.F.R. § 229.303 |
| Opposition or Opp. | Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion To Dismiss The Second Amended Complaint (ECF No. 62) |
| SAC or Complaint | Second Amended Complaint for Violation of the Federal Securities Laws (ECF No. 57) |
| Syneos or the Company | Syneos Health, Inc. |
| Walker Decl. | Declaration of Benjamin R. Walker in Support of Defendants' Motion to Dismiss the Second Amended Complaint (ECF No. 60) |

---

[1] Capitalized terms not otherwise defined herein have the meaning ascribed to them in Defendants' opening brief ("Br.").

Plaintiffs' opposition brief ("Opposition" or "Opp.") confirms that the SAC is merely a superficial repackaging of Plaintiffs' dismissed prior complaint.  Plaintiffs have now had multiple opportunities to satisfy the particularized pleading requirements of the PSLRA.  It is clear that they are simply unable to do so.  The SAC should be dismissed with prejudice.

*1.    Plaintiffs Disregarded the Court's Pleading Instructions*.    The Opposition claims that the SAC adheres to the repleading guidance this Court provided in its decision dismissing Plaintiffs' last complaint.  (Opp. 2.)  It plainly does not.  Although the SAC feigns compliance with one sub-instruction to categorize the challenged statements,[2] the Opposition ignores that, like the FAC, the SAC still largely repeats the same alleged reasons that Defendants' statements across the Class Period were supposedly false, and it repeatedly refers back to the same series of undifferentiated allegations as ostensible support for those assertions. (Br. 8–9.)  This "flatten[ing] [of] the timeline"—despite the facts "changing all the time"—is exactly what led the Court to dismiss the last complaint.  *Kempen Int'l Funds* v. *Syneos Health, Inc.*, 2024 WL 1805011, at *2 (S.D.N.Y. Apr. 25, 2024).

Glossing over this fatal flaw, Plaintiffs argue that the SAC "unflattens the timeline by including a quarter-by-quarter analysis of the amount backlog was inflated throughout the Class Period."  (Opp. 4.)  But even if that conceivably would be sufficient (it would not be), the SAC contains no such "analysis."  Instead, it simply asserts that Syneos' backlog was inflated by seemingly random amounts each quarter, with absolutely no explanation as to the alleged basis for those amounts (Br. 2, 4–5, 9), while inexplicably ascribing wildly different amounts between $210–$700 million to the same contract (SAC ¶¶ 153, 165, 173, 182, 193, 208, 220, 233), which

---

[2] The SAC alleges five ostensible categories of alleged misstatements, but the Opposition haphazardly identifies six.  (*Compare* SAC ¶ 99 *with* Opp. 2.)  And, the categories (really, four) are meaninglessly nebulous.  (SAC ¶ 99 ((1) "COVID-19," (2) "workforce, workplace . . . and capabilities," (3) "success and engagement," and (4) "performance metrics").)

is all the more bizarre since Plaintiffs allege Clinical "Gross Awards" from that same customer for 2020 were $72.4 million (SAC ¶ 59).  This is obviously not what the Court had in mind.

Plaintiffs' contention that the SAC comports with the Court's mandate to heed the Supreme Court's holding in *Macquarie Infrastructure Corp*. v. *Moab Partners, L.P.*, 601 U.S. 257 (2024), is equally meritless.  The Item 303 theory in the SAC is materially unchanged from Plaintiffs' prior complaint.  It continues to rely on pure omissions, which is clearly impermissible under *Macquarie*.  (*See* SAC ¶¶ 154–56, 166, 174, 183, 194, 209, 221, 234, 320–33.)

2.        ***The SAC Fails To Plead Plaintiffs' Claims With Particularity***.  Second Circuit law is clear that where, as here, a plaintiff attempts to plead securities fraud with "information and belief" allegations, the complaint must identify "source[s]—documentary or personal" for those allegations, *Batson* v. *Rim San Antonio Acquisition, LCC*, 2016 WL 6901312, at *9 (S.D.N.Y. Nov. 22, 2016), and when the source is "personal," it must be "described . . . with sufficient particularity to support the probability that a person in the position occupied by the source would possess the information alleged," *Novak* v. *Kasaks*, 216 F.3d 300, 314 (2d Cir. 2000).[3]  The SAC plainly fails to satisfy these requirements.

The Opposition insists that the SAC "provides new temporally based allegations, corroborated by multiple sources" (Opp. 2), and that "many of the challenged sources are identified or cited in the allegations" (Opp. 8).  That is incorrect.  The vast majority of the allegations in the SAC remain wholly unattributed.  (*See* Br. Appx. A.)  To cite just one of many examples, the Opposition claims that Defendants were provided information inconsistent with

---

[3] The Opposition relies on a single 20-year-old decision, *In re Philip Servs. Corp. Sec. Litig.*, 383 F. Supp. 2d 463 (S.D.N.Y. 2004), to suggest otherwise (Opp. 7–8).  Plaintiffs misread that decision, and their view is flatly inconsistent with *Novak* and a long line of cases faithfully applying its principles.  The defect here is not Plaintiffs' failure to provide a *name* for their sources, it is their complete failure to "describe[ them] in the complaint with sufficient particularity" and explain the basis of their claimed information. *N.J. Carpenters Health Fund* v. *Royal Bank of Scotland Grp., PLC*, 709 F.3d 109, 123–24 (2d Cir. 2013); Br. 11–12.

their public statements during unspecified "ELT discussion[s]" (Opp. 8), but nowhere does the SAC or Opposition particularize the basis for that allegation. Plaintiffs imply that the source is a former Syneos employee, but the SAC does not even say that explicitly, much less describe the source with sufficient particularity to enable the Court to evaluate whether he or she "would have been in a position to know the facts relayed." *Gross* v. *AT&T Inc.*, 2021 WL 9803956, at *6 n. 14 (S.D.N.Y. Sept. 27, 2021). The same could be said of virtually every allegation in the SAC.

And this is not just lazy pleading. It is conscious evasion of requirements designed to enable the Court to assess the reliability of dime-store novel allegations in a Complaint replete with indicia of unreliability. For example, the Opposition is conspicuously silent about the dramatic internal inconsistency between the SAC's unsourced allegations regarding the value of a large contract supposedly erroneously included in the Company's backlog calculation— allegations that inexplicably and irreconcilably differ by ***hundreds of millions of dollars*** (Br. 11)—effectively conceding the point. *See Steamfitters Loc. 449 Pension Plan* v. *AT&T Inc.*, 2022 WL 17587853, at *3 (2d Cir. Dec. 13, 2022) (allegations that reported numbers were false lacked particularity because they were based on "inconsistent and irreconcilable facts"). And Plaintiffs continue to grossly misrepresent the contents of the January 2021 ELT presentation. The Opposition claims that one slide in the presentation shows that Syneos' "Top 20 Accounts" were projected to experience a negative growth rate of 23.5%. (Opp. 9–10.) But it is plain on the face of that slide (reproduced at SAC ¶ 59) that this number refers to (1) only ***four*** customers, (2) out of hundreds, and (3) ***none in the "Top 20."***[4] Plaintiffs' demonstrably false assertions underscore why it is important that the PSLRA's standards be strictly enforced here.

---

[4] The slide shows that, in 2020, four listed "21-50" accounts generated $594.8 million (as shown in the FY20 "Clinical" column, third row from the bottom). But in 2021, these four accounts were projected to generate $455 million (as reported in the FY21 "Clinical" column, third row from the bottom). This is a -23.5% change of new awards *from these four clients* (SAC ¶ 59), which pales in comparison to Syneos' overall $3.6 billion in new awards for 2021 (SAC ¶ 203).

-3-

3.      ***Most of the Alleged Misstatements Are Inactionable***.   Plaintiffs argue that at least some of Defendants' puffery statements are actionable because they supposedly "were intended to reassure investors about Syneos' ability to compete." (Opp. 12.)  But unlike in the cases Plaintiffs cite,[5] the SAC does not allege that Defendants' statements were made to "reassure" anyone of anything, because there was nothing to reassure anyone about.

Plaintiffs also argue that Syneos' reporting on "backlog, net new business awards, and book-to-bill ratios" is not forward-looking. (Opp. 10.)  But Plaintiffs ignore their concession that "backlog" is a projection of "anticipated future revenue" (SAC ¶¶ 3, 41, 150), and the other two figures are simply fractional comparisons of that projection to unchallenged historical results. Plaintiffs' "allegations turn on the reasonableness of the [projections] and the judgment that those projections . . . best reflect management's judgment about the future performance" of the Company, which "is precisely the inquiry that the safe harbor puts off-limits to the courts." *Gray* v. *Wesco Aircraft Holdings, Inc.*, 454 F. Supp. 3d 366, 387 (S.D.N.Y. 2020).  Moreover, "[t]o the extent that there are assertions of current fact in the statements proffered as fraudulent, they refer to the present only as a means for gauging future possibilities and, 'when read in context, cannot meaningfully be distinguished from the future projection of which they are a part.'" *Gissin* v. *Endres*, 739 F. Supp. 2d 488, 505 (S.D.N.Y. 2010) (citation omitted); 15 U.S.C. § 78u-5(i)(1)(d) (safe harbor covers assumptions underlying projections).[6]

4.      ***The Opposition Confirms Plaintiffs' Inability to Plead Scienter***.    "[A]n allegation that defendants had access to information that was inconsistent with their alleged

---

[5] *See In re Turquoise Hill Res. Ltd. Sec. Litig.*, 625 F. Supp. 3d 164, 223 (S.D.N.Y. 2022) (statements "in direct response to concerns raised by investors about a specific risk"); *In re Banco Bradesco S.A. Sec. Litig.*, 277 F. Supp. 3d 600, 660 (S.D.N.Y. 2017) (same).

[6] Plaintiffs vaguely argue that Defendants' "cautionary language was insufficiently meaningful" (Opp. 13), but those warnings (*see* Br. Appx. C) are precisely the type of cautionary statements that courts routinely deem sufficient. *See, e.g., Robeco Cap. Growth Funds SICAV- Robeco Glob. Consumer Trends* v. *Peloton Interactive, Inc.*, 665 F. Supp. 3d 522, 539 (S.D.N.Y. 2023).

misstatements 'must specifically identify the reports or statements containing this information.'" *Landesbank Baden-Wurttemberg* v. *Goldman, Sachs & Co.*, 478 F. App'x 679, 682 (2d Cir. 2012) (quoting *Novak*, 216 F.3d at 309). Theories suggesting some path to acquire knowledge are insufficient. *Inter-Loc. Pension Fund GCC/IBT* v. *Gen. Elec. Co.*, 445 F. App'x 368, 370 (2d Cir. 2011). Thus, Plaintiffs cannot rely on assertions that data existed or meetings were held on unspecified dates where unidentified participants discussed unspecified issues (Opp. 16–17) without allegations of particularized, contemporaneous facts that were actually conveyed to Defendants and contradicted their statements. *Town of Davie Police Officers Ret. Sys.* v. *City of N. Miami Beach Police Officers' & Firefighters' Ret. Plan*, 2021 WL 5142702, at *2 (2d Cir. Nov. 5, 2021). Nor can Plaintiffs rely on undescribed CWs as the basis for such allegations. *Sun* v. *TAL Educ. Grp.*, 2023 WL 6394413, at *31 (S.D.N.Y. Sept. 29, 2023).

With respect to Plaintiffs' "insider trading" theory, the Opposition does not dispute that those trades—all but one prior to September 2021—are of no help for any later statement. (Br. 19.) Beyond this, Plaintiffs ask the Court to disregard the inconvenient fact that the Individual Defendants' holdings of Syneos stock actually ***increased*** during the Class Period— which itself precludes a "'cogent and compelling' inference of fraudulent intent" from their trading, *Avon Pension Fund* v. *GlaxoSmithKline PLC*, 343 F. App'x 671, 673 (2d Cir. 2009)— because certain of their shares were "unvested." (Opp. 19 n.11.) But courts routinely consider such shares in evaluating scienter allegations. *See*, *e.g.*, *In re Gildan Activewear, Inc. Sec. Litig.*, 636 F. Supp. 2d 261, 271 n.5 (S.D.N.Y. 2009) ("total shareholdings include restricted stock and exercisable and unexercisable options"). Further, Defendants' trading pursuant to Rule 10b5-1 plans remains non-suspicious where, as here, the SAC "pleads no facts that even remotely suggest" Defendants "entered into the [plans] 'strategically' so as to capitalize on insider knowledge." *In re Lululemon Sec. Litig.*, 14 F. Supp. 3d 553, 585 (S.D.N.Y. 2014).

Dated:   New York, New York      Respectfully submitted,
          July 22, 2024

*/s/ Brian T. Frawley*
Brian T. Frawley
Benjamin R. Walker
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000
frawleyb@sullcrom.com
walkerb@sullcrom.com

*Attorneys for Defendants Syneos Health, Inc., Alistair Macdonald, Michelle Keefe, Paul Colvin, and Jason Meggs*

-6-