# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*
_____

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.

BRUSSELS • FRANKFURT • LONDON • PARIS

BEIJING • HONG KONG • TOKYO

MELBOURNE • SYDNEY

March 24, 2025

<u>Via ECF</u>

The Honorable J. Arun Subramanian,
   United States District Court,
      Southern District of New York,
         500 Pearl Street, Courtroom 15A,
           New York, NY 10007.

        Re:    *Kempen International Funds et al.* v. *Syneos Health, Inc. et al.*,
             Case No. 23-cv-08848 (AS) (S.D.N.Y.)

Dear Judge Subramanian:

        On behalf of Defendants in the above-captioned matter, we write to bring to the Court's attention two recent decisions in which Judge Engelmayer and Judge Gardephe dismissed securities fraud claims premised on alleged misstatements and scienter theories no different from those in the SAC.[1] *See Damri* v. *LivePerson, Inc.*, 2025 WL 863322 (S.D.N.Y. Mar. 19, 2025); *In re Vroom, Inc. Sec. Litig.*, 2025 WL 862125 (S.D.N.Y. Mar. 18, 2025).

        In *Damri*, relying on six unnamed confidential witnesses, the plaintiff alleged that the company manipulated revenue metrics by including anticipated business in its tabulation of present performance, double-booking certain revenue, and changing one of its public reporting metrics to conceal the extent of its customer attrition and declining revenues. *Damri*, 2025 WL 863322, at *3. Plaintiff's theory of scienter rested in part on sales by the individual defendants of more than 80,000 shares in the company, for which they collected over $1 million in proceeds. *Id.* at *25. Judge Engelmayer dismissed the complaint with prejudice. He held that none of the alleged misstatements was actionable, concluding that statements such as the company "exceeded the top end of [its] guidance," had "overperformed on revenue," and expected growth in the next quarter—which closely resemble many of the challenged statements here, *see, e.g.*, SAC ¶ 212; Appx. B—were not false when made and too general to invite reliance. *Id.* at *14–19. Judge Engelmayer also declined to credit the confidential witness allegations because, just like the SAC here, the *Damri* complaint insufficiently described the former employees' roles, the witnesses

---

[1] Capitalized terms not otherwise defined herein have the meaning ascribed to them in Defendants' Memorandum in support of their Motion to Dismiss the SAC (ECF No. 59).

The Honorable J. Arun Subramanian                                                                                      -2-

did not "identify with specificity any public financial statement that was purportedly misstated," and the statements attributed to them were "not anchored in time." *Id.* at *10–13. Beyond deficient confidential witness allegations, as here, the "theory of a false or misleading statement or omission [was] unsubstantiated by the facts pled and cognizable materials." *Id.* at *13. Judge Engelmayer also declined to infer scienter from the individual defendants' stock sales because, just like the Syneos individual defendants, one of the *Damri* defendant's holdings increased and another's remained roughly the same during the class period. *Id.* at *25.

The plaintiffs' allegations in *Vroom* fared no better. Plaintiffs there alleged that the company concealed its operational struggles while making optimistic statements about its pandemic-aided growth trajectory and business prospects. *Vroom*, 2025 WL 862125, at *4–9. Judge Gardephe found each of more than fifty challenged statements was not actionable, holding that the statements were not false when made, were too general to invite reliance, or were inactionable forward-looking statements.[2] *Id.* at *25–34. Judge Gardephe also rejected plaintiffs' theories of scienter premised on one of the individual defendant's sale of more than 50% of his stock during the class period, holding that the timing of the trades was not suspicious and that another defendant's failure to sell any shares undermined any inference of scienter.[3] *Id.* at *34–36. Judge Gardephe also found the complaint failed to plead specific information that was provided to defendants and contradicted their public statements. *Id.* at *36–37.

Defendants submit that Judge Gardephe and Judge Engelmayer applied this Circuit's well-settled law to dispose of the plaintiffs' claims. Defendants respectfully request that this Court do the same.

Respectfully submitted,

*/s/ Brian T. Frawley*

Brian T. Frawley

cc:     Counsel of Record (via ECF)

---

[2] The misstatements theories rejected in *Vroom* included a challenge to an assertion that "increased vehicle inventory will lead to a higher sales conversion rate and therefore increased revenue" similar to the central theory here, as well as a host of other comments indistinguishable from Syneos' challenged statements, including that the company (i) was "feeling really good" about its "strong" "growth on a year-over-year basis;" (ii) provided an "exceptional ecommerce experience;" (iii) was "well positioned to navigate the challenges presented by the COVID-19 crisis;" and (iv) was "confident" that it had "the capacity to meet our Q3 targets." *Vroom*, 2025 WL 862125, at *15, *25, *28, *31.

[3] Both decisions also rejected plaintiffs' Regulation S-K allegations because they did not allege the defendants had actual knowledge of undisclosed adverse trends or uncertainties. *See Damri*, 2025 WL 863322, at *27–29; *Vroom*, 2025 WL 862125, at *38–40.