**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KEMPEN INTERNATIONAL FUNDS (KEMPEN INTERNATIONAL FUNDS - MERCLIN GLOBAL EQUITY), KEMPEN INTERNATIONAL FUNDS (KEMPEN INTERNATIONAL FUNDS – MERCLIN PATRIMONIUM), and MERCLIN INSTITUTIONAL FUND (MERCLIN INSTITUTIONAL EQUITY FUND DBI-RDT), Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>SYNEOS HEALTH, INC., ALISTAIR MACDONALD, MICHELLE KEEFE, PAUL COLVIN, and JASON MEGGS<br><br>Defendants. | Case No. 1:23-cv-08848-AS<br><br>**JOINT STIPULATION AND [PROPOSED] DISCOVERY CONFIDENTIALITY ORDER** |

ARUN SUBRAMANIAN, U.S.D.J.

The parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing the pre-trial phase of this action, it is therefore hereby:

**ORDERED** that any person subject to this Order—including without limitation the parties to this action, their representatives, agents, experts, consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order—shall adhere to the following terms, upon pain of contempt:

1. Any person subject to this Order who receives from any other person any "Discovery Material" (*i.e.*, information of any kind provided in discovery in this action) that is designated as "Confidential" pursuant to the terms of this Order shall

not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2. The person producing any given Discovery Material may designate as Confidential only such portion of such material as consists of:

a. previously nondisclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

b. previously nondisclosed material relating to ownership or control of any non-public company;

c. previously nondisclosed business plans, product development information, or marketing plans;

d. previously nondisclosed sensitive commercial information, including pricing information, fee arrangements, cost data, budgets, forecasts, business strategies, business development materials, proposals, bids, requests for proposals, customer or vendor contracts, insurance policies, insurance agreements, contract terms, proposed contract terms, negotiation materials, internal analyses, evaluations, recommendations, deliberations, and communications concerning such matters;

e. previously nondisclosed information concerning trade secrets, proprietary methodologies, proprietary processes, proprietary technology, product or service development, competitive analyses, market analyses, strategic planning, or assessments of the strengths, weaknesses, opportunities, or vulnerabilities of any product, service, business unit, or commercial offering;

Case 1:23-cv-08848-AS Document 101-1 Filed 08/20/26 Page 4 of 13

f. information belonging to, received from, concerning, or reflecting the confidential business affairs of third parties pursuant to contractual, fiduciary, statutory, regulatory, or other obligations of confidentiality;

g. personnel files, compensation information, performance evaluations, disciplinary records, medical information, and other sensitive employee information;

h. nonpublic communications that contain, summarize, discuss, quote, or reflect Confidential Discovery Material;

i. any information of a personal or intimate nature regarding any individual; or

j. any other category of information hereinafter given confidential status by the Court.

3. Any non-party producing Discovery Material in this action may designate such material as Confidential pursuant to this Order, and shall be entitled to the protections afforded by this Order.

4. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" by affixing the legend "CONFIDENTIAL" to each page of the Discovery Material designated as Confidential. For Discovery Material designated Confidential that is produced in native electronic format, the designation legend must be included in the file name of the native documents and on any related imaged slipsheets when produced, and any party when printing such Confidential Discovery Material must affix the designated legend to each page of the printed copy.

5. With respect to deposition transcripts and exhibits, a producing person or that person's counsel may designate testimony given in a deposition or in other pretrial or trial proceedings or exhibits as Confidential on the record or in writing on or before the later of thirty (30) days after receipt of the final transcript or the date by which any review by the witness and corrections to the transcript are to be completed under Federal Rule of Civil Procedure 30. If any portion of a deposition is designated as Confidential, the transcript shall be labeled with the appropriate legend in an obvious manner on the title page. If any portion of a videotaped deposition is designated as Confidential, the original and all copies of any videotape, DVD, or other media container shall be labeled with the appropriate legend in an obvious manner. The party initiating the deposition shall inform the court reporter of these requirements.

6. Pending designation as set forth above, the entire transcript, including exhibits, shall be treated in accordance with the rules applicable to Confidential Discovery Material. Any Confidential Discovery Material that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order, along with the transcript pages and videotape of the deposition testimony dealing with such Confidential Discovery Material. The use of Confidential Discovery Material as an exhibit at a deposition or other pretrial proceeding will not in any way affect its designation as Confidential. Counsel for any producing party shall have the right to exclude from oral depositions, other than the deponent, counsel, counsel's support personnel, court reporter, and videographer any person who is not authorized by this Protective Order to receive or access Confidential Discovery

Material. Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Confidential Discovery Material.

7. If at any time prior to the trial of this action, a producing person realizes that some portion(s) of Discovery Material that that person previously produced without limitation should be designated as Confidential, he or she may so designate by so apprising all parties in writing, and such designated portion(s) of the Discovery Material will thereafter be treated as Confidential under the terms of this Order.

8. No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

a. the parties to this action;

b. counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

c. as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

d. any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first acknowledged that they have read and agreed to this Protective Order;

e. any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed the Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

f. any mediator who is assigned by the Court or selected by the parties to hear this action, and his or her staff;

g. professional jury or trial consultants and mock jurors or focus group members and professional vendors to whom disclosure is reasonably necessary for this action and whose representatives have first signed the Non-Disclosure Agreement in the form annexed as Exhibit A hereto ;

h. insurer representatives to whom disclosure is reasonably necessary in relation to this action and who have first signed the Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

i. the officers, directors, and employees (including in-house counsel) of any party receiving Confidential Discovery Material to whom disclosure is reasonably necessary for this litigation and who have first acknowledged they have read and agreed to this Protective Order;

j. court reporter engaged to transcribe depositions conducted in this action; and

k. the Court and its support personnel.

9. All Confidential Discovery Material filed with the Court shall comply with Paragraph 11 of this Court's Individual Practices in Civil Cases, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential Discovery Material, shall be filed under seal and kept under seal until further order of the Court. The parties will use their best efforts to minimize such sealing. In any event, any party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential Discovery

Material itself, and not text that in no material way reveals the Confidential Discovery Material.

10. Any party who objects to any designation of confidentiality, may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached within 10 business days, counsel for all affected persons will address their dispute to this Court in accordance with Paragraph 5 of this Court's Individual Practices in Civil Cases.

11. The Court also retains unfettered discretion whether to afford confidential treatment to any Confidential Document or information contained in any Confidential Document submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

12. Each person who has access to Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

13. If a receiving party learns that, by inadvertence or otherwise, it has disclosed Confidential Discovery Material to any person or in any circumstance not authorized under this Order, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Confidential Discovery Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (d) request such person or persons to promptly acknowledge they have read and agree to this Order.

14. When a producing party gives notice to receiving parties that certain inadvertently or otherwise produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney-work-product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter. The Protective Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d) and (e).

15. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall not thereafter review the Inadvertently Disclosed Information for any purpose, except by order of the Court. The receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

16. Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

17. As with any information redacted or withheld, the receiving party may seek an order from the Court compelling production of the Inadvertently Disclosed

Information. The receiving party should follow the procedures in Paragraph 5 of the Court's Individual Practices in Civil Cases and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

18. The disclosing party retains the burden of establishing the privileged or protected nature of any Information. Nothing in this Order shall limit the right of any party to request an *in camera* review of the Inadvertently Disclosed Information.

19. The parties agree that individuals or entities with access to Confidential Discovery Material are prohibited from inputting documents, ESI, load files, and other materials produced pursuant to this Protective Order into generative artificial intelligence tools or similar applications unless the tools or applications provide the following protections against inadvertent disclosure of data: (1) confirmation that the tool or application will not train the model or incorporate into model weights any inputs containing those Confidential Discovery Material or otherwise inadvertently produce outputs containing identifiable parts of Confidential Discovery Material; (2) administrative controls to allow deletion of Confidential Discovery Material by the user and to prevent unauthorized access to Confidential Discovery Material; and (3) adherence to cybersecurity best practices.

20. If any person receiving Discovery Material designated Confidential receives a subpoena, civil investigative demand, or other compulsory process seeking such material, that person shall promptly notify the producing person and provide a copy of the request. The receiving person shall not produce the requested material until the producing person has had a reasonable opportunity to seek appropriate relief, unless production is otherwise required by law or court order.

21. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Discovery Material designated as "Confidential," and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed; provided, however, that counsel may retain archival copies of pleadings, motion papers, deposition transcripts, exhibits, attorney work product, correspondence, expert materials, and materials maintained pursuant to document-retention obligations, all of which shall remain subject to this Order.

22. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**SO STIPULATED AND AGREED.**

*/s/ Steven Jodlowski*
Counsel for Plaintiffs
Dated: August 19, 2026

*/s/ Benjamin R. Walker*
Counsel for Defendants
Dated: August 19, 2026

**SO ORDERED.**

ARUN SUBRAMANIAN, U.S.D.J

Dated: New York, New York
August 21, 2026

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KEMPEN INTERNATIONAL FUNDS (KEMPEN INTERNATIONAL FUNDS - MERCLIN GLOBAL EQUITY), KEMPEN INTERNATIONAL FUNDS (KEMPEN INTERNATIONAL FUNDS – MERCLIN PATRIMONIUM), and MERCLIN INSTITUTIONAL FUND (MERCLIN INSTITUTIONAL EQUITY FUND DBI-RDT), Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>SYNEOS HEALTH, INC., ALISTAIR MACDONALD, MICHELLE KEEFE, PAUL COLVIN, and JASON MEGGS<br><br>Defendants. | Case No. 1:23-cv-08848-AS<br><br>**<u>NON-DISCLOSURE AGREEMENT</u>** |

I, _______________, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return, or upon permission of the producing person or producing counsel, destroy, all discovery information. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful

violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: ________________________________

________________________________
[PRINT NAME ABOVE]

________________________________
[SIGN NAME ABOVE]